### BERRY v. STATE.

#### Opinion delivered January 27, 1897.

EVIDENCE—DYING DECLARATION.—A statement by a dying person
   that he was poisoned. by defendant, which he knew because
   defendant gave him a drink of whisky that tasted nasty, and
   because he shortly afterwards got sick, is the expression of an
   opinion, and inadmissible as a dying declaration.

Appeal from Lee Circuit Court.

H. N. HUTTON, Judge.

#### STATEMENT BY THE COURT.

The appellant, Lee Berry, was convicted of murder
in the first degree, committed by poisoning; and appealed
to this court.

On the trial of the cause, Dr. E. V. Chandler, a
witness for the state, testified : "On the night of the
26th of last October I was called, in my professional
capacity, between 8 and 9 o'clock, to visit Ed. Marsh"
[the person alleged to have been poisoned]. "I reached
his bedside about 9 o'clock, * * * * and found him

lying partly on the bed and partly on the floor.  *  *  *
When I got to him, his mind was perfectly clear, and
I asked him what was the matter.   He replied that he
knew he was going to die, and that Lee Berry, the
defendant, had given him a drink of whisky, about an
hour before, which tasted 'nasty' and that he knew it
contained poison because it tasted nasty, and because he
got sick shortly afterwards, and that Lee Berry 'had
given him his dose' in that drink of whisky.'' Here
counsel objected to that part of the witness' testimony,
as a part of the deceased's dying declaration, wherein
he stated that the deceased said that defendant had
given him his dose in that drink of whisky, and that
he knew it contained poison.   In each statement of the
witness of the dying declaration of the deceased, he
would include the same statement that deceased said
that the defendant had poisoned him.

The court asked the witness, before passing upon
the objection, if that statement of the deceased—that
he was poisoned by the defendant—was before or after
the statement of the deceased that he knew that he was
going to die.   The witness answered that it was after
such statement.   The court then overruled the objection,
and the defendant excepted.

The same statement of the dying declaration of the
deceased was repeated in the testimony of other wit-
nesses, and objected to by defendant, as above set out,
and, the objections being by the court overruled, the
defendant each time excepted.

*Jas. P. Brown* for appellant.

No dying declarations are admissible, except in
regard to such matters as the deceased could legiti-
mately have testified about if he had got well, instead of
having died.   1 Greenl. Ev. sec. 159, and note a.   Opinions
or beliefs are not admissible as dying declarations.   *Ib.*

*E. B. Kinsworthy*, Attorney General, for appellee.

More latitude is given to the admissibility of dying declarations than to the evidence of a witness in testifying. 1 Greenl. Ev. sec. 161a. Its admissibility must be confided very much to the discretion of the court. 50 Am. Dec. 727. The statement that the whisky contained poison was not an inference or opinion, but a statement of a fact. 61 Miss. 161; 5 Tex. App. 141; 7 N. Y. 159; 35 Pac. Rep. 417; 15 So. Rep. 264; 36 S. W. Rep. 256; 29 At. Rep. 536.

HUGHES, J. (after stating the facts.) It appears from the declaration of the deceased, while *in extremis*, that the defendant had poisoned him, that it was made not from a knowledge of the fact which he had, or could have had, and that it was an expression of his opinion merely, based on the facts that the whisky which had been given him by the defendant tasted "nasty," and made him sick. This evidence was incompetent, and was calculated to prejudice the defendant. "A mere expression of opinion by a dying man is not admissible as a dying declaration, and it is immaterial whether the fact that the declaration is mere opinion appears from the statement itself or from other undisputed evidence, showing that it was impossible for the declarant to have known the fact stated." *Jones* v. *State*, 52 Ark. 347.

The declarations of the deceased are admissible only as "to those things to which he would have been competent to testify, if sworn in the cause. They must, therefore, in general speak to facts only, and not to mere matters of opinion." 1 Greenleaf, Ev. sec. 159; *State* v. *Williams*, 67 N. C. 12; *Whitley* v. *State*, 38 Ga. 70.

For the error in admitting the statement that deceased made—as part of his dying declaration—that defendant poisoned him, the judgment is reversed, and the cause is remanded for a new trial.